```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF GEORGIA
                         DUBLIN DIVISION
```

AARON ELI FRANKLIN,              *
                                 *
    Plaintiff,                   *
                                 *
v.                               *     CV 323-030
                                 *
GEORGIA DEPARTMENT OF            *
CORRECTIONS,                     *
                                 *
    Defendant.                   *

O R D E R

On March 2, 2023, Plaintiff Aaron Eli Franklin filed a complaint in the Superior Court of Monroe County wherein he sets forth two causes of action under 42 U.S.C. § 1983. Plaintiff was incarcerated at Johnson State Prison at all times relevant to the allegations in the complaint. The case was properly removed on March 29, 2023. At present, Defendant Georgia Department of Corrections ("GDC") has filed a motion for judgment on the pleadings.

The complaint alleges that the GDC, which operates the Johnson State Prison, violated Plaintiff's constitutional rights in two ways. First, Plaintiff claims that the Johnson State Prison was inadequately staffed, which allowed four inmates to physically attack him on September 7, 2021. Second, Plaintiff claims he was improperly incarcerated from November 5, 2022 to February 27, 2023.

Plaintiff seeks money damages for both claims. For purposes of the motion, these facts are taken as true. See Hart v. Hodges, 587 F.3d 1288, 1290 n.1 (11th Cir. 2009).

"After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Cunningham v. Dist. Att'y's Off. for Escambia Cnty., 592 F.3d 1237, 1255 (11th Cir. 2010) (citation omitted).

The GDC contends that the Eleventh Amendment bars Plaintiff's § 1983 claims. The Court concurs. The Eleventh Amendment bars a plaintiff from suing a state or its agencies in federal court unless the state has expressly waived its sovereign immunity and consented to suit. Welch v. Texas Dep't of Highways, 483 U.S. 468, 472-73 (1987); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984). Federal civil rights statutes like § 1983 do not abrogate the sovereign immunity granted by the Eleventh Amendment. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Thus, Plaintiff's suit against the GDC is barred under the Eleventh Amendment. See Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [suit] against the Georgia Department of Corrections" regardless of the relief

2

sought.). Notably, Plaintiff's response to the motion for judgment on the pleadings utterly fails to address the GDC's claim of sovereign immunity.

Upon the foregoing, Defendant GDC's motion for judgment on the pleadings (doc. no. 6) is **GRANTED**. The Clerk is directed to **TERMINATE** all pending motions and deadlines, **ENTER JUDGMENT** in favor of Defendant GDC, and **CLOSE** the case.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of May, 2023.

_____
UNITED STATES DISTRICT JUDGE